UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES D. NOLES, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:23-cv-150-TAV-JEM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| INTERNAL REVENUE SERVICE, and | ) |
| DEPUTY ASSISTANT ATTORNEY | ) |
| GENERAL d/b/a DAVID A. HUBBERT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss for lack of subject-matter jurisdiction, or alternatively, failure to state a claim [Doc. 20]. Plaintiff has not responded and the time for doing so has long expired. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, defendants' motion to dismiss [Doc. 20] is **GRANTED** and this case is **DISMISSED**.

**I.  Background**

In his pro se complaint, plaintiff raises a number of unclear allegations regarding tax proceeding and the Internal Revenue Service ("IRS") [Doc. 1]. As best the Court can discern, plaintiff asserts that the IRS failed to prove he was a "taxpayer" before commencing tax collections [*Id*. at 9]. Plaintiff contends that the IRS presumed that he is a "federal citizen" or "resident alien," neither of which are true [*Id*.]. He also complains

that Title 26[1] was never enacted into "positive law" [*Id*.].  Nonetheless, he contends that he has never been a "taxpayer" as defined by the Internal Revenue Code but rather has always been a "non-taxpayer" [*Id*. at 11].  Plaintiff further argues that Form 1040 contains no reference to any law explaining who is subject to income tax and did not warn him that by sending a completed form to the IRS, he would waive his Fourth Amendment right to privacy and his Fifth Amendment right against self-incrimination [*Id.* at 12].  As relief, plaintiff appears to ask that the IRS produce various documents [*Id.* at 12–15].  Plaintiff further appears to ask the Court to declare the "Letter of Notice of Intent to levy" as "null[] and void" [*Id.* at 19].  Plaintiff attaches a variety of exhibits, although it is unclear how any of the exhibits relate to the complaint [Doc. 1-1].

**II.  Standard of Review**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure a court may, at any time, *sua sponte* or upon the motion of a party, dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) is appropriate when the allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  A plaintiff bears the burden of proving subject matter jurisdiction in order to survive dismissal pursuant to Rule 12(b)(1).  *Swint v. Fultano's Pizza*, No. 5:23-cv-1556, 2023 WL 5893370, at *1 (N.D. Ohio Sept. 11, 2023).

---

[1] Title 26 of the United States Code is the Internal Revenue Code.

### III.   Analysis

Although the government does not directly address this matter, the Court notes that plaintiff's complaint appears to raise a number of so-called "sovereign citizen" beliefs or arguments.  As this district previously explained:

> Sovereign citizens (or "sovereigns") are a "loosely knit network" of individuals who express—and act on—a shared anti-government sentiment. *See* Joshua P. Weir, *Sovereign Citizens: A Reasoned Response to the Madness*, 19 LEWIS & CLARK L. REV. 830, 834 (2015).  Members of the contemporary movement believe that with the passage of the Fourteenth Amendment, along with various developments in commercial law (including the adoption of the Uniform Commercial Code ("UCC"), abandonment of the gold standard, and creation of the Federal Reserve Bank), the modern-day legal system has tricked people into giving up their "sovereign" citizenship in order to receive government benefits.  *See id*. at 837; Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement*, 199 WIS. L. REV. 85, 795-813 (1999).
>
> Sovereigns believe there are two forms of citizenship—inferior federal (or Fourteenth Amendment) citizenship, and superior state (also known as sovereign, or "de jure") citizenship.  They further believe the original Constitution recognized three types of jurisdiction—common law (which requires an injury to person or property), equity (which requires a contract), and admiralty (originally limited to the high seas).  Sovereigns argue that federal district courts are admiralty courts, and through the UCC, federal courts have superseded common law by enforcing federal government contracts that bind people into federal citizenship.  Sullivan, *supra* at 805-06.  By filing abstruse legal documents to free themselves from the yoke of federal citizenship, sovereigns argue they are exempt from the jurisdiction of any legitimate court, state or federal.  Weir, *supra* at 838.
>
> . . .
>
> Sovereign citizen pleadings are "dense, complex, and virtually unreadable," and a branch of sovereign citizen case law has grown to address the voluminous and often frivolous workload.  Sullivan, *supra* at 796 ("Faced with mountains of paperwork, courts must choose between spending hours deciphering Sovereign Citizen arguments or dismissing them out of hand");

> *see U.S. v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) ("Defendant's legal arguments directly correspond to meritless rhetoric frequently espoused by tax protestors, sovereign citizens, and self-proclaimed Moorish-Americans"); . . . ; *U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (A sovereign citizen's arguments that they are beyond the jurisdiction of the courts should be "rejected summarily, however they are presented.").

*United States v. Cook*, No. 3:18-cr-19, 2019 WL 2721305, at *1–2 (E.D. Tenn. June 28, 2019) (footnote omitted).

Thus, "Courts have repeatedly rejected, as frivolous, arguments based on the theory of sovereign citizenship" recognizing that such arguments are "a waste of court resources." *Powell v. Michigan*, No. 22-10816, 2023 WL 2154954, at *2 (E.D. Mich. Jan. 24, 2023) (internal quotation marks omitted). In light of this, courts frequently *sua sponte* dismiss sovereign citizen complaints for lack of subject matter jurisdiction or dismiss sovereign citizen complaints on this ground without extended argument. *Id.* (dismissing for lack of subject matter jurisdiction "without the need for an extended argument"); *Adkins v. Kentucky*, No. 3:18-mc-26, 2018 WL 6528462, at *1–2 (W.D. Ky. Dec. 12, 2018) (*sua sponte* dismissing sovereign citizen complaint for lack of subject-matter jurisdiction without further discussion); *Primero v. Barum*, No. 3:24-cv-200, 2024 WL 1543782, at *2 (W.D. Ky. Apr. 9, 2024) (dismissing sovereign citizen complaint, at screening stage, for lack of subject matter jurisdiction because "the legal theories espoused in this action are frivolous"); *Maddox El v. Scharf*, No. 23-10990, 2023 WL 3587538, at *1–2 (E.D. Mich. May 22, 2023) (dismissing sovereign citizen complaint at screening stage for lack of subject matter jurisdiction without further discussion).

The Court finds it appropriate to follow this course of action here. Although the government has raised a number of well-reasoned grounds for dismissal under Rule 12(b)(1) in its motion [Doc. 20-1], the Court need not provide an in-depth analysis of those specific grounds.[2] It is clear that plaintiff's complaint is frivolous on its face and, therefore, dismissal is appropriate under Rule 12(b)(1). *Apple*, 183 F.3d at 479; *see also Maxwell v. I.R.S.*, 3:08-mc-113, 2009 WL 920533, at *2 (M.D. Tenn. Apr. 1, 2009) (addressing similar sovereign citizen arguments regarding tax liability and noting that such are "routinely-rejected substantive arguments"). Moreover, given that plaintiff has not responded to the government's motion, which has been pending for approximately three months, plaintiff has not met his burden of proving subject matter jurisdiction.

## IV. Conclusion

For the reasons set forth above, defendants' motion to dismiss [Doc. 20] is **GRANTED**. This case is **DISMISSED with prejudice**. Plaintiff's pending motions to strike and to show cause [Docs. 11, 16, 17] are **DENIED as moot**. A separate order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[2] Although the Court will not provide an in-depth analysis of the government's specific arguments, the Court has reviewed the government's brief, and the entire record, and finds that the government's arguments that plaintiff's claims are barred by sovereign immunity and the Anti-Injunction Act, 26 U.S.C. § 7421(a) are well-taken.

5